J-A23028-19

2019 PA Super 369

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| JOSEPH MICHAEL CHRISTMAN, | | |
| Appellant | | No. 149 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 21, 2018
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002038-2015

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                    FILED DECEMBER 31, 2019

Appellant, Joseph Michael Christman, appeals nunc pro tunc from the judgment of sentence of an aggregate term of 36 to 72 months' incarceration, imposed after he pled guilty to 11 counts of sexual abuse of children (possession of child pornography), 18 Pa.C.S. § 6312(d).  Appellant contends that the sentencing court abused its discretion by applying an 18-month sentencing guideline enhancement on each count pursuant to 204 Pa. Code §§ 303.10(e) and 303.9(l)(1).[1]  After careful review, we vacate Appellant's sentence and remand for resentencing.

_____

[1] We observe that an amended version of the Sentencing Code, 204 Pa. Code §§ 303.1-303.18(c), became effective on December 6, 2019.  Although no significant changes were made to the sections of the guidelines at issue herein, we will review the prior version of the statute that was in effect at the time Appellant was sentenced.

The facts underlying Appellant's convictions are not germane to the issue he raises on appeal. We need only note that on January 11, 2016, Appellant pled guilty to 11 counts of the above-stated offense based on his possession of 11 videos depicting child pornography. Appellant was sentenced on October 21, 2016, to an aggregate term of 36 to 72 months' incarceration. He did not file a post-sentence motion.

On November 14, 2016, Appellant filed a timely notice of appeal, raising the same sentencing claim as he presents herein. On July 27, 2017, this Court affirmed Appellant's judgment of sentence, concluding that his issue constituted a challenge to the discretionary aspects of his sentence, which he waived by failing to file a post-sentence motion and/or by omitting a Pa.R.A.P. 2119(f) statement from his appellate brief. See Commonwealth v. Christman, No. 1739 WDA 2016, unpublished judgment order at 2-4 (Pa. Super. filed July 27, 2017).

On March 12, 2018, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging that his counsel had acted ineffectively by not preserving his sentencing claim. After appointing counsel for Appellant and conducting an evidentiary hearing, the court granted his petition and reinstated his post-sentence motion and direct appeal rights by order entered December 10, 2018. On December 18, 2018, Appellant filed a nunc pro tunc post-sentence motion raising his challenge to the court's application of the 18-month sentencing guideline enhancement. On December 21, 2018, the court denied that motion.

Appellant filed a nunc pro tunc notice of appeal on January 18, 2019. He then timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on February 14, 2019. Herein, Appellant states two issues for our review:

> 1. Whether the sentencing court erred as a matter of law by applying the sentencing enhancement of 204 Pa.[]Code [§] 303.9[(l)(1)] to the charges of sexual abuse of children (possession of child pornography)[,] 18 Pa.C.S.[] § 6312(d)[,] by aggregating all of the images pertaining to eleven (11) separate and separately sentencable [sic] counts of sexual abuse of children (possession of child pornography) ... onto each single count?

> 2. Whether the sentencing court abused its discretion by applying the sentencing enhancement of 204 Pa.[]Code [§] 303.9[(l)(1)] to the charges of sexual abuse of children (possession of child pornography)[,] 18 Pa.C.S.[] § 6312(d)[,] by aggregating all of the images pertaining to eleven (11) separate and separately sentencable [sic] counts of sexual abuse of children (possession of child pornography) ... onto each single count?

Appellant's Brief at 2 (unnecessary capitalization omitted).

Appellant combines his two issues in his Argument section and, thus, we will address his two claims together. This Court has previously determined, in Appellant's initial appeal from his judgment of sentence, that his issue implicates the discretionary aspects of his sentence. See Christman, No. 1739 WDA 2016, unpublished judgment order at 2 (citing Commonwealth v. Rhoades, 8 A.3d 912, 915 (Pa. Super. 2010) (treating Rhoades' challenge to the court's application of the deadly weapon sentencing enhancement as

implicating the discretionary aspects of his sentence)).  As we explained in Rhoades,

> [a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute.  When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence.  Two requirements must be met before we will review this challenge on its merits.  First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.  That is, the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.  We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists.  Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

Rhoades, 8 A.3d at 916 (internal citations, quotation marks, and footnote omitted; emphasis in original).

Here, Appellant has included a Rule 2119(f) statement in his appellate brief, and we conclude that his claim that the court improperly applied a sentencing guideline enhancement presents a substantial question for our review.  See id. (finding Rhoades' challenge to the application of the deadly weapon sentencing enhancement as constituting a substantial question for our review).  Therefore, we will examine the merits of Appellant's sentencing claim, keeping in mind our following standard of review:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of

discretion. ... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

Commonwealth v. Moury, 992 A.2d 162, 169–70 (Pa. Super. 2010) (citation omitted).

Appellant challenges the court's application of an 18-month sentencing enhancement under sections 303.10(e) and 303.9(l)(1). First, section 303.10(e) states, in pertinent part:

(e) Sexual Abuse of Children Enhancement.

(1) When the court determines that the offender violated 18 Pa.C.S. § 6312 (relating to sexual abuse of children) and that the offender possessed more than 50 images, the court shall instead consider the sentence recommendations described in § 303.9(l)(1). For purposes of this enhancement, the number of images is defined as follows:

(i) Each photograph, picture, computer generated image, or any similar visual depiction shall be considered to be one image.

(ii) Each video, video-clip, movie, or similar visual depiction shall be considered to have 50 images.

* * *

(3) Sexual Abuse of Children Enhancement shall apply to each violation which meets the criteria above.

204 Pa. Code § 303.10(e).

Additionally, section 303.9(l)(1) reads:

(I) Sexual Abuse of Children Enhancement sentence recommendations. If the court determines that aggravating circumstances described in § 303.10(e) are present, the court shall instead consider the applicable Sexual Abuse of Children Enhancement related to number of images possessed by the offender or the nature and character of the abuse depicted:

(1) When applying enhancement based on the number of images possessed by the offender. If the offender possessed more than 50 images to 200 images, 6 months are added to the lower limit of the standard range and 6 months are added to the upper limit of the standard range. If the offender possessed more than 200 images to 500 images, 12 months are added to the lower limit of the standard range and 12 months are added to the upper limit of the standard range. If the offender possessed more than 500 images, 18 months are added to the lower limit of the standard range and 18 months are added to the upper limit of the standard range.

204 Pa. Code § 303.9(I)(1).

The parties agree that the court properly considered each of the 11 videos possessed by Appellant as constituting 50 images pursuant to section 303.10(e)(ii). See Appellant's Brief at 10; Commonwealth's Brief at 10. They dispute, however, whether the court erred by considering the total number of images Appellant possessed at all 11 counts (i.e., 550 images) in determining that the sentencing enhancement applies. Appellant contends that, since the Commonwealth charged him separately for each video, the court was required to consider only the number of images pertaining to each count (i.e., 50 images). In support, he relies on the plain language of section 303.10(e)(3) that the "[e]nhancement shall apply to each violation which meets the criteria above." 204 Pa. Code § 303.10(e)(3) (emphasis added). Because section 303.1(e) requires that an offender possess more than 50

images, Appellant insists that his possession of 50 images at each count does not trigger the sentencing guideline enhancement.

The Commonwealth, on the other hand, maintains that,

[t]here is no requirement in any of these sections of the [Sentencing] Code that the number of images be calculated separately for each charged count. The Code, by every indication, i[s] concerned only with the total number of images (or their statutory equivalent) that the defendant possessed. The Commonwealth respectfully submits that "the number of images possessed by the offender" means exactly what it says for the purposes of this guideline enhancement. There is no ambiguity there.

Commonwealth's Brief at 11. The trial court agrees with the Commonwealth, concluding that,

the plain reading of the language set forth in 204 Pa. Code § 303.10(e)(1) states that if the court finds that "the offender possessed more than 50 images[,"] the court shall consider the sentencing recommendations of 204 Pa. Code § 303.9(l)(1). Nowhere in the statue does it direct the court to conduct separate calculations for each count. The statute directs the court to determine the total number of images possessed by an offender in order to decide whether the sentencing enhancements apply.

Trial Court Opinion, 2/14/19, at 12-13.

It is clear that the issue before us "involves statutory interpretation, which is a question of law, and our review is plenary and non-deferential." A.S. v. Pennsylvania State Police, 143 A.3d 896, 903 (Pa. 2016) (citation and footnote omitted).

In such cases, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. The statute's plain language generally provides the best indication of legislative intent. It is only when statutory text is determined to

be ambiguous that we may go beyond the text and look to other considerations to discern legislative intent.

Id. (internal quotation marks and citations omitted).

In the present case, we disagree with the court and the Commonwealth that the plain language of section 303.10(e) permits the court to consider the total number of images possessed, across all convictions, in order to determine if the sentencing enhancement applies. Such a reading of the statute wholly ignores the explicit language of section 303.10(e)(3), which states: "Sexual Abuse of Children Enhancement shall apply to each violation which meets the criteria above." 204 Pa. Code § 303.10(e)(3) (emphasis added). Pursuant to this provision, it is clear that the court must examine each conviction to determine if it meets the requirement that the offender possessed more than 50 images before the guideline enhancement may be applied.

Here, at each of Appellant's 11 counts, he was convicted of possessing one video, or 50 images. Accordingly, there was no single violation for which he possessed more than 50 images, and the sentencing enhancement set forth in section 303.9(l)(1) does not apply. Even without application of the enhancement, Appellant is not receiving a "volume discount" for his offenses, as he was convicted and sentenced separately for each of the 11 videos he possessed. See Commonwealth v. Davidson, 860 A.2d 575, 583 (Pa. Super. 2004) (indicating that, because Davidson was convicted and sentenced on 28 separate counts of possession of child pornography, he did not receive "a volume discount on his multiple crimes"). We also observe that the

Commonwealth has discretion in how it charges criminal offenders. In this case, it could have reduced the number of charges, and increased the number of videos underlying each charge, thus triggering application of the sentencing guideline enhancement. However, because the Commonwealth chose to charge Appellant with separate counts for each video he possessed, the requirement of section 303.10(e) that the offender possess more than 50 images was not met for any of his convictions. Therefore, the trial court erred by applying the 18-month guideline enhancement pursuant to section 303.9(l)(1). Consequently, we vacate Appellant's judgment of sentence and remand for resentencing without application of the enhancement.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019