J-S07024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA
                                                :

          v.                                  :
                                                :

NATHAN HOYE                          :
                                                :

          Appellant            :  No. 913 WDA 2021

Appeal from the Judgment of Sentence Entered April 22, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004077-2018

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:         **FILED:  May 6, 2022**

Nathan Hoye ("Hoye") appeals from the judgment of sentence imposed following his convictions for aggravated assault and assault by prisoner.[1]  We vacate the judgment of sentence and remand for resentencing.

The relevant factual and procedural history can be summarized as follows.  Hoye was incarcerated in Allegheny County Jail in January 2018, and one evening, he threatened to harm himself.  Corrections officers put him in a "suicide gown" and placed him in a "processing cell."  N.T., 5/6/19, at 7-8.  Officers ordered Hoye to submit to handcuffing, but he refused.  Instead, Hoye, an HIV-positive inmate, reached into his toilet and threw urine on one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(3), 2703(a).

of the officers, striking him in the upper torso and head. *See id*. at 7-8; N.T., 8/6/19, at 18. The officer was transported to the emergency department at UPMC Mercy for treatment. N.T., 5/6/19, at 8. The Commonwealth charged Hoye with, among other crimes, aggravated assault and assault by prisoner. He later pleaded guilty to these two offenses. The court imposed a consecutive 40-to-80-month sentence on each count, for an aggregate sentence of 80 to 160 months of imprisonment. *See* N.T., 8/6/19, at 23. The sentence imposed on each count was above the aggravated range.

Hoye filed a direct appeal of his sentence. This Court vacated the judgment of sentence and remanded for resentencing because the lower court failed to determine Hoye's eligibility under the Recidivism Risk Reduction Incentive ("RRRI") Act.[2] *See Commonwealth v. Hoye*, 249 A.3d 1157 (Pa. Super. 2021) (unpublished memorandum).[3] The sentencing court held a resentencing hearing and determined Hoye was RRRI ineligible. Relying on its prior reasoning, it reimposed the same sentence. *See* N.T., 4/22/21, at 7. Hoye filed a post-sentence motion, which the court denied. Hoye then timely appealed; both he and the trial court complied with Pa.R.A.P. 1925.

---

[2] *See* 61 Pa.C.S.A. §§ 4501 – 4512.

[3] Hoye also challenged the discretionary aspects of his sentence. But, given our disposition, we concluded this second issue was moot, and we therefore did not address it. *See id*. at *2 n.4.

Hoye presents the following issue for our review: "Did the sentencing court abuse its discretion in sentencing [him] to 80 to 160 months of incarceration?" Hoye's Brief at 3 (unnecessary capitalization omitted).

Hoye's issue presents a challenge to the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (internal citation and brackets omitted).

In this case, Hoye timely appealed his judgment of sentence, preserved his discretionary sentencing challenge in a post-sentence motion, and included a Rule 2119(f) statement in his brief. We will therefore review Hoye's Rule 2119(f) statement to determine whether he has raised a substantial question for our review. *See Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*) (holding that this Court reviews the Rule 2119(f) statement to determine whether appellant has raised a substantial question).

In his Rule 2119(f) statement, Hoye alleges that the sentencing court imposed a sentence at each count that was above the aggravated range of the sentencing guidelines without stating its reasons for doing so on the record. This claim raises a substantial question. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (explaining that a trial court's alleged failure to state on the record its reasons for deviating from the guidelines presents a substantial question). We therefore grant Hoye permission to appeal the discretionary aspects of his aggravated assault and assault by prisoner sentences and proceed to review the issue on its merits.

Our standard of review for a challenge to the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Garcia-Rivera*, 983 A.2d at 780 (internal citations omitted).

While a sentencing court may deviate from the sentencing guidelines, the court must place on the record its reasons for the deviation. *See* 42 Pa.C.S.A. § 9721(b). Further, an upward deviation from the guidelines also requires the following:

> [T]he court must demonstrate that it understands the sentencing guidelines ranges . . . [and it] must set forth on the record, at sentencing, in the defendant's presence, the permissible range of

> sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range.

***Garcia-Rivera***, 983 A.2d at 780 (internal citations and quotations omitted).

A sentencing court's failure to state on the record the reasons for its deviation from the guidelines is grounds for vacating the sentence and remanding for resentencing. ***See*** 42 Pa.C.S.A. § 9721(b); ***see also Commonwealth v. Mrozik***, 213 A.3d 273, 278 (Pa. Super. 2019) (vacating a judgment of sentence and remanding for resentencing where the sentencing court "did not state its reasons for imposing an aggravated-range sentence on the record or on the Guidelines Sentence Form").

Hoye contends the sentencing court "failed to properly consider" the section 9721(b) sentencing factors, given the court "did not disclose in open court at the time of sentencing why the sentence imposed . . . at both counts fell above the aggravated range" of the sentencing guidelines. Hoye's Brief at 15. Hoye observes that the sentence for the aggravated assault conviction exceeded the aggravated range by over a year, and the sentence for the assault by prisoner conviction exceeded the aggravated range by ten months. ***Id***. at 15-16. He argues that the only statements made by the court at the sentencing hearing relate to the nature of the crime. ***Id***. at 17. He also observes that the sentencing court informed the parties that it had not read the most recent presentence investigation report ("PSI"). ***Id***. at 18.

The sentencing court considered Hoye's discretionary sentencing claim and dismissed it as meritless. The court explained in its Rule 1925(a) opinion the reasons why it imposed sentences above the aggravated range, including, among other things, Hoye's throwing urine at a prison guard while being HIV positive, and his failure to avail himself of resources in Allegheny County's mental health court. **See** Trial Court Opinion, 9/14/20, at 4. The sentencing court additionally claimed that its "statement on the record of the reasons for th[e] sentence[s] reflect this [same] consideration." **Id**. at 4.[4]

Our review of the record discloses that the sentencing court did not provide the reasons for its decision to sentence Hoye above the aggravated range of the sentencing guidelines. As explained above, when the sentencing court imposes a sentence outside the sentencing guidelines, it must set forth on the record, and in the defendant's presence, the permissible range of sentences under the guidelines. It must also give the factual basis and specific reasons which compelled it to deviate from the sentencing guidelines. The

---

[4] The sentencing court—which only determined Hoye's RRRI eligibility on remand—relied upon the reasoning from the initial sentencing hearing. **See** Trial Court Opinion, 10/4/21, at 4. Hoye alleges the court failed to explain its reasoning for the aggravated sentence at the initial sentencing and consequently on resentencing.

sentencing court, however, failed to do so.[5]  It is therefore necessary that we vacate the judgment of sentence at both counts and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing in accordance with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/6/2022

---

[5] We acknowledge the sentencing court explained the reasons for its sentence in its 1925(a) opinion.  **See** Trial Court Opinion, 9/14/20, at 3-4.  But "a sentencing court's reasons for a particular sentence must be given contemporaneously with the imposition of the sentence.  A more extensive explanation in an opinion filed pursuant to Rule 1925(a) will not cure a failure to articulate reasons at the time of sentencing."  **Commonwealth v. Serrano**, 150 A.3d 470, 475 n.7 (Pa. Super. 2016) (internal citation omitted).