J-A06023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN JAMES HARDWICK | : | |
| | : | |
| Appellant | : | No. 399 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 19, 2021
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000485-2015

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: June 3, 2022**

Ryan James Hardwick ("Hardwick") appeals from the judgment of sentence and fine imposed after he pled guilty to first-degree murder[1] and other crimes. We affirm in part, vacate in part, and remand for resentencing consistent with this memorandum.

This Court previously summarized the factual background of this case as follows:

On January 8, 2015, [Hardwick] (then 15 years old) and Deauntay Moye ("Moye") (then 16 years old) arranged to purchase marijuana. The seller did not arrive for the transaction. Instead, his girlfriend, Stephanie Waters ("Waters"), arrived to complete the transaction. During the purchase, Moye shot Waters twice and [Hardwick] shot Waters' dog after it began barking. [Hardwick] and Moye placed Waters in the back seat of her vehicle and began

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2502(a).

> driving around. Although Waters was still alive, [Hardwick] and Moye consciously chose not to drop her off at the hospital or to otherwise seek medical attention. Eventually, Waters died. [Hardwick] and Moye continued smoking marijuana. They then parked Waters' vehicle, with her corpse in the back seat, at an abandoned house.

*See Commonwealth v. Hardwick*, 190 A.3d 681 (Pa. Super. 2018) (unpublished memorandum at *1).

After the trial court denied his motion for decertification, Hardwick pled guilty to first-degree murder and other offenses based on an accomplice liability theory. Hardwick admitted that he was aware that Moye planned to murder the victim and helped plan the murder. The Commonwealth did not seek a life without parole sentence.

The trial court originally sentenced Hardwick to a term of sixty years to life imprisonment. On appeal, Hardwick argued that as a juvenile offender he had received an illegal *de facto* life without parole sentence in violation of *Commonwealth v. Foust*, 180 A.3d 416 (Pa. Super. 2018).[2] This Court remanded because the lower court had not determined whether it had imposed a *de facto* life without parole sentence. *Id.* at *5.

On remand, the trial court appointed Dr. Alice Applegate, Ph.D., a forensic psychologist, as the defense's expert for resentencing, and ordered an updated presentence investigation report ("PSI"). Dr. Applegate and Hardwick testified at the resentencing hearing. Thereafter, the trial court

_____

[2] Our Supreme Court recently abrogated *Foust* in *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022).

imposed a sentence of forty years to life imprisonment and a $25,000 fine for first-degree murder. ***See***, N.T., 2/19/21, at 21-34. Hardwick timely filed post-sentence motions, which the trial court denied, and Hardwick timely appealed. Hardwick complied with the trial court's order directing him to file a Rule 1925(b) statement and, in lieu of a Rule 1925(a) opinion, the trial court filed a statement referring to its discussions at resentencing as its response to the issues raised in this appeal.

Hardwick raises the following issues for review:

1. Whether the trial court abused its discretion in sentencing [Hardwick], who plead guilty to first degree murder, to 40 years to life in prison?

2. Whether the sentence of a $25,000.00 fine was illegal as the court made no inquiry of [Hardwick's] ability to pay this fine?

Hardwick's Brief at 5 (unnecessary capitalization omitted).

Hardwick challenges the discretionary aspects of his prison sentence. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. ***See Commonwealth v. Christman***, 225 A.3d 1104, 1107 (Pa. Super. 2019).

Before reaching the merits of a discretionary sentencing issue this Court conducts a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence is not appropriate under the Sentencing Code, *see* 42 Pa.C.S.A. § 9781(b). *See Moury*, 992 A.2d at 170.

A review of the record and briefs in this appeal confirms that Hardwick timely appealed, preserved his issues in a post-sentence motion, and included a Rule 2119(f) statement in his brief. Further, Hardwick's Rule 2119(f) statement, wherein he asserts that the trial court imposed an excessive sentence by disregarding the possibility he could be rehabilitated and by failing to consider mitigating factors such his youth at the time of the offense and surrounding circumstances, raises a substantial question. *See Commonwealth v. White*, 193 A.3d 977, 983-84 (Pa. Super. 2018). We therefore grant Hardwick permission to appeal the discretionary aspects of his sentence for murder of the first degree and proceed to review the issue on its merits.

Our standard of review for a challenge to the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Hardwick's resentencing was governed by 18 Pa.C.S.A. § 1102.1.[3] Pursuant to that statute, a trial court must impose a mandatory minimum sentence of at least thirty-five years and a mandatory maximum of life imprisonment upon a juvenile offender convicted of first-degree murder, who, like Hardwick, was less than eighteen years old but at least fifteen years old at the time of the offense. ***See id.*** § 1102.1(a)(1). If the Commonwealth does not seek a life without parole sentence, the sentencing court should apply the traditional sentencing considerations under 42 Pa.C.S.A. § 9721(b) of the Sentencing Code when fashioning its sentence. ***See Commonwealth v. Summers***, 245 A.3d 686, 693 (Pa. Super. 2021), *appeal denied*, 110 MAL 2021 (Pa. filed Apr. 12, 2022). Hardwick contends that the trial court failed to consider expert testimony that he is amenable to rehabilitation and by not considering his lessened culpability and rehabilitative potential as a juvenile, his difficult home life, and the fact that he did not shoot Waters. ***See*** Hardwick's Brief at 13-14. He asserts the trial court should have imposed a

---

[3] ***See*** 18 Pa.C.S.A. § 1102.1(a) (stating that Section 1102.1 applies to juvenile offenders who are convicted of murder of the first degree on or after June 25, 2012).

thirty-five year minimum sentence of imprisonment rather than a forty-year minimum sentence.[4]  *Id*. at 14.

At  resentencing, the trial court stated that it reviewed Dr. Applegate's testimony and report, a presentence investigation report, and the factual basis of Hardwick's plea.   In addition to the factors in Section 9721(b), the trial court discussed the factors in Section 1102.1(d), including Hardwick's youth, maturity, difficult home life, rehabilitative potential,  as well as his culpability, in light of his youth and circumstances, in the killing of Waters.[5]  *See* N.T.,

---

[4] Hardwick erroneously refers to his prior sixty-year minimum sentence in his appellate brief.  *See* Hardwick's Brief at 12-14.

[5] Section 1102.1(d) states:

> **(d) Findings.—**In determining whether to impose a sentence of life without parole under subsection (a), the court shall consider and make findings on the record regarding the following:
>
>> (1) The impact of the offense on each victim, including oral and written victim impact statements made or submitted by family members of the victim detailing the physical, psychological and economic effects of the crime on the victim and the victim's family.  A victim impact statement may include comment on the sentence of the defendant.
>>
>> (2) The impact of the offense on the community.
>>
>> (3) The threat to the safety of the public or any individual posed by the defendant.
>>
>> (4) The nature and circumstances of the offense committed by the defendant.
>>
>> (5) The degree of the defendant's culpability.

*(Footnote Continued Next Page)*

Resentencing Hearing, 2/19/21, at 21-24, 28-31, 33, 35. Specifically, the court acknowledged that Hardwick was fifteen years old at the time of the murder, and that he did not shoot Waters. *See id*. at 21, 24. The court noted that he pled guilty to murder of the first degree as an accomplice and supplied his co-defendant with the gun. *See id*. at 23-24, 38-40. The court observed that Hardwick shot the victim's dog, drove the victim in their car as she lie dying in the back seat, helped move her body, and then concealed evidence. *See id*. at 24. The court also considered Hardwick's youth, culpability, and potential for rehabilitation, weighing Dr. Applegate's testimony and report as evidence of Hardwick's substance abuse issues at an early age, difficult home

---

(6) Guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing.

(7) Age-related characteristics of the defendant, including:

(i) Age.

(ii) Mental capacity.

(iii) Maturity.

(iv) The degree of criminal sophistication exhibited by the defendant.

(v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.

(vi) Probation or institutional reports.

(vii) Other relevant factors.

18 Pa.C.S.A. § 1102.1(d).

life, and lack of a strong male role model. *See id.* at 23-24, 40-41. The court also balanced the protection of the public, the gravity of the offense as it relates to the victim and community, and Hardwick's rehabilitative needs when it imposed the forty-year minimum sentence. *See id.* at 38; *see also* 42 Pa.C.S.A. § 9721(b). Based on this record, we discern no merit to Hardwick's claim that the trial court abused its discretion or imposed an excessive sentence.[6] Thus, his first issue merits no relief.

In his next claim, Hardwick asserts that the trial court imposed an illegal fine by failing to consider his ability to pay. A claim that the trial court imposed a discretionary fine without considering the defendant's ability to pay challenges the legality of a sentence, and is, therefore, appealable as of right. *Commonwealth v. Boyd*, 73 A.3d 1269, 1274 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Thomas*, 879 A.2d 246, 262 (Pa. Super. 2005). The Sentencing Code states, in pertinent part:

> **(c) Exception.**—The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> > (1) the defendant is or will be able to pay the fine; and

---

[6] Hardwick briefly asserts that his sentence constitutes a cruel and unusual punishment because the trial court allegedly disregarded *Miller v. Alabama*, 567 U.S. 460 (2012). Hardwick's Brief at 9. He refers to his sentence as the most severe punishment short of the death penalty. *Id.* at 11. To the extent that Hardwick suggests that he received a *de facto* life sentence, such a claim would lack merit. This Court has held that minimum sentences of forty-five years of imprisonment do not constitute *de facto* life sentences triggering *Miller* concerns. *See Lekka*, 210 A.3d at 357-58.

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S.A. § 9726(c). Section 9726(c) does not require a formal hearing so long as there is an evidentiary basis on the defendant's ability to pay. *See Boyd*, 73 A.3d at 1274; *see also Commonwealth v. Ford*, 217 A.3d 824, 831 n.14 (Pa. 2019) ("Subsection 9726(c) does not necessarily require testimonial evidence. It is certainly possible that non-testimonial evidence—like a thorough presentence investigation report detailing a defendant's assets and income—could satisfy Subsection 9726(c)'s mandate").

Hardwick's sole argument on appeal is that the trial court imposed the $25,000 fine without inquiring into, making a record of, or finding he had the ability to pay the fine. Hardwick's Brief at 15. In support of his contention that the record was insufficient to impose a fine he cites to *Ford*, a decision in which our Supreme Court vacated a plea bargain because the trial court imposed agreed-upon fines without record evidence of the defendant's ability to pay. *See id*. (citing *Ford*, 217 A.3d at 828).

The record here contains some information related to Hardwick's ability to pay. As noted by the Commonwealth, Hardwick's counsel objected to the amount of the fine at the resentencing hearing and stated that Hardwick was indigent and made forty cents an hour working in jail and received money from family members. *See* N.T., Resentencing Hearing, 2/19/21, at 44. Counsel added that the jail garnished 25% of any money he made, as well as money his family sent to him. *See id.* Although not referred to by the parties,

we note that Dr. Applegate found Hardwick to be hard-working and reported that he wanted to take college classes and obtain a barber's license.

However, even with these assertions, we have found no record *evidence* of Hardwick's ability to pay.[7] ***See Commonwealth v. Thomas***, 879 A.2d 246, 264 (Pa. Super. 2005) (vacating imposition of fine where the trial court stated it had all appropriate information and knew of the appellant's history, but nothing in the record supported the trial court's statements). Based on the foregoing, we conclude that Hardwick's illegal fine claim merits remand to the trial court to consider the limited issue of Hardwick's ability to pay the fine imposed by the trial court. Therefore, we are constrained to vacate that portion of the judgment of sentence imposing the fine.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

---

[7] We acknowledge that there may be some record evidence based on a thorough PSI detailing Hardwick's ability to pay. However, the PSI was not included in the record transmitted to this Court.

Although the Commonwealth asserted that Hardwick conceded to his ability to pay, we do not believe that there is a dispositive distinction between an agreement to pay a fine as part of a negotiated plea and Hardwick's concession where there is no record evidence of Hardwick's ability to pay. ***See Ford***, 217 A.3d at 828, 830 (concluding that an agreement to pay a fine is not sufficient evidence of an ability to pay that fine).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/3/2022</u>