J-S27036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH JOHNSON | : | |
| | : | |
| Appellant | : | No. 1496 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004171-2019

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED DECEMBER 13, 2022**

Joseph Johnson ("Johnson") appeals from the judgment of sentence imposed after he entered open guilty pleas to persons not to possess firearms and possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The trial court summarized the factual history of this appeal as follows:

> Officers observed [Johnson] provide marijuana to a confidential informant in exchange for pre-recorded buy money from his home on April 30, 2019, May 2, 2019, and May 3, 2019. [Johnson] was arrested outside of his home immediately following the final sale on May 3, 2019.  The prerecorded buy money was found on his person at the time of his arrest.  Officers then executed a search warrant at [Johnson's] home and recovered drugs, materials used for the sale of such drugs, firearms, and ammunition[, including] three loaded firearms, one of which was loaded with a fifty-one round barrel magazine[.]  [F]ive additional firearms and ammunition were recovered from a safe . . ..

---

[1] **See** 18 Pa.C.S.A. § 6105; 35 P.S. § 780-113(a)(30).

Trial Court Opinion, 2/15/22, at 1-2. Johnson, who was represented by privately retained counsel ("plea counsel"), pleaded guilty to one count each of persons not to possess firearms and PWID. On July 16, 2021, the trial court sentenced Johnson to an aggregate term of five to ten years of imprisonment.[2] Johnson did not object to the trial court's sentence and did not file a post-sentence motion. Johnson timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.[3]

Johnson raises the following issue on appeal:

Did the lower court abuse its discretion by imposing an unreasonable and manifestly excessive sentence that failed to adhere to the general sentencing principles set forth in 42 Pa.C.S.A. § 9721(b), in that the [c]ourt imposed a sentence that exceeded what was necessary to protect the public, and the community, failed to fully consider [Johnson's] background and

---

[2] The trial court sentenced Johnson to three to six years of imprisonment for the firearms offense, which was within the standard range of the sentencing guidelines, and a consecutive two to four years of imprisonment for PWID, which was outside the guideline range.

The transcripts of the sentencing hearings on July 13 and July 16, 2021, are mislabeled. Specifically, the transcript labeled July 13 contains the testimony from the July 16 hearing, when the trial court imposed its sentence, and the transcript labeled July 16 hearing contains the testimony from the July 13 hearing. *See* Trial Court Opinion, 2/15/22, at 2 n.1. We will cite to the transcript reflecting the court's imposition of sentence as "N.T., 7/13/21," although that hearing occurred on July 16.

[3] After filing the notice of appeal, plea counsel filed an application to withdraw from representation in this Court. This Court granted the application and remanded for the trial court to determine whether Johnson was entitled to appointed counsel. *See* Order, 8/24/21. The trial court appointed present counsel who, with leave of the trial court, filed a *nunc pro tunc* Rule 1925(b) statement. Present counsel did not seek leave to file or file post-sentence motions *nunc pro tunc*.

character, and imposed a sentence that was well beyond what was necessary to foster the rehabilitative needs of [Johnson]?

Johnson's Brief at 4.

Johnson sole issue in this appeal challenges the discretionary aspects of the trial court's aggregate sentence. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *See* *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge is considered a petition for permission to appeal. *See* *Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (internal citation and brackets omitted).

In the case *sub judice*, Johnson did not object to the trial court's aggregate sentence at the sentencing hearing, and he did not file a post-sentence motion to reconsider or modify his sentence.[4] Thus, he has waived

---

[4] We acknowledge Johnson's claim that plea counsel refused his request to file post-sentence motions. *See* Johnson's Brief at 6. However, Johnson did not raise this claim of ineffective assistance of counsel in the trial court, nor would such a claim be cognizable under the circumstances of this direct appeal. *See* *Commonwealth v. Rosenthal*, 233 A.3d 880, 886-87 (Pa. Super. 2020) (discussing the limited exceptions that permit a court to consider ineffective
*(Footnote Continued Next Page)*

any issue challenging the discretionary aspects of the sentence. *See*

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975-76 (Pa. Super.

2019) (noting that that "[o]bjections to the discretionary aspects of a sentence

are generally waived if they are not raised at the sentencing hearing or in a

motion to modify the sentence imposed") (internal citation and quotations

omitted).

Because there are no preserved issues in this appeal, we affirm the

judgment of sentence.[5]

Judgment of sentence affirmed.

_____

assistance of counsel claims in a direct appeal); *see also Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018); *Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013).

[5] Even if Johnson had properly preserved his issue, we would find it meritless. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (internal citations omitted). A trial court that has the benefit of a pre-sentence investigation report is presumed to be aware of the relevant sentencing considerations. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Moreover, a sentencing court retains discretion whether to impose concurrent or consecutive sentences. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Johnson asserts that the trial court failed to consider his individual circumstances and mitigating factors before imposing the aggregate sentence of five to ten years of imprisonment. However, the trial court clearly set forth its reasons for sentencing outside the guidelines for PWID and running that sentence consecutively to the standard range sentence for the firearms offense, and we would find no abuse of discretion in its consideration and weighing of all relevant sentencing factors, including the appropriate mitigating factors cited by Johnson. *See* N.T., 7/13/21, at 46-51.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2022</u>