J-S38014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHIEM H. WIGGINS | : | |
| | : | |
| Appellant | : | No. 1413 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 21, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003923-2021

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                   **FILED JANUARY 6, 2023**

Rahiem H. Wiggins ("Wiggins") appeals from the judgment of sentence imposed after he entered open guilty pleas to burglary, stalking, and simple assault.[1]  We affirm.

The factual basis for Wiggins's convictions was set forth at the guilty plea hearing as follows:

> The affiant in this case is Officer [John] Yeiter of Bristol Township Police Department.
>
> On January 23, 2021, [Officer Yeiter] was dispatched to [a home] . . . in Bristol Township in Bucks County for a burglary in . . . progress . . ..
>
> Twelve-year-old [Tay.C.] called 911 to report that a known subject, [Wiggins], kicked in the front door, pushed [Tay.C.'s] mother, Tameka Pacheco, to the ground and took [Tay.C.'s] sixteen-year-old sister, [Tam.C.'s], cell phone.  [Wiggins] fled on foot before police arrived on scene.

---

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 2709.1(a)(2), 2701(a)(1).

[Officer Yeiter] spoke with [Tameka Pacheco] and her two daughters and learned that [Wiggins] had kicked in the front door to the residence causing damage to the door. Tameka tried to block [Wiggins] from getting into the residence but [Wiggins] knocked her out of the way. [Wiggins] then went into the [sixteen]-year-old's room where she was barely dressed and holding her phone. [Wiggins] snatched the phone out of her hand while the [sixteen]-year-old was attempting to call 911. [Wiggins] knocked the sixteen-year-old onto the bed and told her not to call police. [Wiggins] then fled the residence on foot.

At the time of this burglary, [Wiggins] was on parole for a simple assault involving . . . Tameka Pacheco. As a condition of supervision, he was not permitted to be at the residence. Tameka was also told [Wiggins] was not permitted to be at the residence.

The damage to the door was one thousand dollars.

N.T., 12/3/21, at 11-12. On December 3, 2021, the trial court accepted Wiggins's open guilty pleas to burglary, stalking, and simple assault.

On January 21, 2022, Wiggins proceeded to a sentencing hearing at which the Commonwealth argued for an aggravated range sentence. *See* N.T., 1/21/22, at 37, 41. Wiggins gave a statement to the court detailing his remorse for the incident and taking responsibility for his actions. *See id*. at 18-33. Wiggins also highlighted the steps toward rehabilitation he had taken while in custody and described his participation in programs for addiction, anger management, accepting accountability, and coping. *See id*.[2] At the

---

[2] There are no indications that the trial court ordered or reviewed a presentence investigation report. At sentencing, which also included a revocation of parole request on Wiggins's prior simple assault conviction involving Tameka Pacheco, the trial court heard evidence about Wiggins's violations of his parole, as well as Wiggins's prior record. We note that pursuant to the request of the probation officer, the trial court closed out Wiggins's supervision for his prior simple assault conviction, which had 379 days of back-time remaining. *See* N.T., 1/21/22, at 17, 44.

conclusion of the hearing, the trial court imposed a standard range sentence of four to ten years of imprisonment for burglary and a concurrent probationary term of ten years. Additionally, the trial court sentenced Wiggins to serve a concurrent five years of probation for stalking, with no further penalty for simple assault.

Wiggins filed a timely post-sentence motion, which the trial court denied. Wiggins timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Wiggins raises the following issue for our review:

Did the trial court abuse its discretion in sentencing [Wiggins] by imposing a manifestly excessive sentence and failing to consider all relevant factors?

Wiggins's Brief at 8.

Wiggins's issue on appeal challenges the discretionary aspects of sentencing. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

[w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial

- 3 -

question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (internal citation and brackets omitted).

Here, Wiggins timely appealed and filed a post-sentence motion alleging that the trial court's sentence was manifestly excessive and that the trial court failed to consider mitigating factors. Wiggins's brief includes a concise statement of the reasons relied upon in support of his appeal stating the same. **See** Wiggins's Brief at 10-11; **see also** Pa.R.A.P. 2119(f).[3] An assertion that a sentence was excessive and that the trial court failed to consider mitigating factors may present a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*); **see also Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (internal citation omitted). We therefore grant permission to appeal and proceed to review this issue on the merits.

In reviewing Wiggins's discretionary sentencing claim, we are mindful of the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[3] We note that Wiggins's brief did not set forth his Rule 2119(f) statement separately but integrated it as a subsection of his argument section. Although this substantially complies with the purposes of Rule 2119(f), **see Commonwealth v. Saranchak**, 675 A.2d 268, 277 (Pa. 1996), we remind counsel that the Rule 2119(f) statement should be separately and distinctly entitled after the summary of the argument but before the argument for appellant. **See** Pa.R.A.P. 2111(a)(6)-(7).

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (internal citation omitted).

Where, as here, the trial court imposes a sentence within the standard range of the sentencing guidelines, this Court will affirm the sentence unless we find that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). In conducting our review, we consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence was based; and the sentencing guidelines. *See id*. § 9781(d).

Wiggins argues that "the trial court simply failed to consider [his] rehabilitative needs." Wiggins's Brief at 13. Citing his testimony and statements at the sentencing hearing, Wiggins argues that he "accepted responsibility[,]" "repeatedly expressed remorse[,]" and expressed "both a strong need and a strong desire for treatment" to assist him in "coping with his tumultuous upbringing," the loss of his mother, and his addiction issues. *Id*. at 13-16. He emphasizes his participation in programs and positive growth while in custody and concludes that the trial court abused its discretion by

blindly applying the sentencing guidelines while ignoring his rehabilitative needs. *See id*. at 14-18.

Our review of the record reveals that Wiggins's arguments merit no relief. At sentencing, the trial court found as follows:

[T]he facts of this case are, as you can imagine, somewhat concerning. Your history, likewise, is somewhat concerning. You have done a lot to improve your life. You've done well in the prison, certainly, we know that. You've done drug and alcohol, the Hope Program, which I think is a terrific program.

It sounds like you've done particularly well in addressing the issues that, perhaps, were somewhat responsible for you going to jail in the first place. You've taken several accountability programs, anger management, coping programs, of course, the money management program, and others. They all help you and I understand that and I think that's admirable and that you've been able to make use of your time and you've used it wisely.

You have a criminal history that has expanded more than two decades. It's involved, as the Commonwealth has argued, four felony drug offenses, whether they were deliveries or intent to deliver, [and] assault. Stalking and robberies are the ones that concern me in relation to why you're here, and that is because you were on parole at the time you committed this crime.

That's not unusual for us to see those things, but you're on parole for an assault, domestic assault, and here you are once again, same victim[,] violating conditions of your supervision, violating a [c]ourt [o]rder. You know, you failed to report, you failed . . .drug tests. You failed to comply with [c]ourt-imposed conditions of your supervision.

Of course, there were PFA [o]rders involved so it goes on and on. I guess my point is, it's taken you over 20 years to realize that you need to address these issues.

As a consequence of that, your sentencing guidelines are extremely high, as I indicated. On the burglary charge it's 36 months in the mitigated range, 48 to 60 in the standard and 72 in the aggravated range.

The Commonwealth has urged me to impose a sentence in the aggravated range of 6 years or more. I will say to you, had you not done all the programs in the jail, that's likely to have occurred, but you've done that, and you think you deserve credit for that. On the other hand, your lawyer has urged me to keep you in the county and the reasons, therefore, are that you do well in the jail and you seem to adapt there well, and you're involved in other programs in the jail and you have assured us that you will not return to prior ways.

That may or may not be true. We don't know. I believe you when you tell me you don't intend to do those things but there is no way, of course, knowing that. So on balance, I've listened to the facts of the case and they are concerning to me, as I said. The guidelines are quite high.

Your criminal history is significant, and the nature and contact [sic] . . . is somewhat perplexing to me because you sound like an individual who, perhaps, at 47 years of age has finally figured out what you need to do to move forward in life.

But the need to protect the community and, in particular, this victim and the need for you to continue with your rehabilitation and, of course, the impact that has had upon the victim [sic]. Once again you're on supervision for similar conduct. All those things, at least in my mind, for me to keep you in the county would depreciate the seriousness of what you've done. And I just can't deviate from the guidelines to the extent that you requested.

I do believe that a sentence of total confinement is, nevertheless, justified, not only justified but required. Once again, the continued violation of [c]ourt [o]rders and the continued violation of supervision strongly suggest to me that you need to be in the state correctional facility for some period of time.

N.T., 1/21/22, at 39-43.

Following our review of the record, we discern no abuse of discretion in the trial court's reasons for imposing a standard-range sentence of four to ten years of imprisonment and a concurrent ten-year probationary term for robbery. The trial court's findings at the sentencing hearing reflect that it

carefully considered Wiggins's efforts at rehabilitation, his rehabilitative needs, and other mitigating circumstances, and weighed those factors against the gravity of the offense and the protection of the victims and the community. *See id*. Having reviewed the nature and circumstances of the offense and the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, the findings upon which the sentence was based, and the sentencing guidelines, we discern no basis to conclude that the trial court's application of the guidelines was clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2), (d). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023