J-S14038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW R. MUNN | : | |
| | : | |
| Appellant | : | No. 1312 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002762-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW RYAN MUNN | : | |
| | : | |
| Appellant | : | No. 1313 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001182-2021

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MAY 9, 2023**

Matthew Ryan Munn (Munn) appeals from the judgment of sentence imposed by the Court of Common Pleas of Erie County (trial court) after he

---

[*] Retired Senior Judge assigned to the Superior Court.

pleaded guilty to terroristic threats and endangering the welfare of children (EWOC).[1] On appeal, he challenges the discretionary aspects of his sentence. After review, we affirm.

On August 6, 2021, Munn entered into a plea bargain on two cases. In Case No. 2762-2019, he pleaded guilty to terroristic threats for threatening to kill and disembowel his fiancée's co-worker. In Case No. 1182-2021, he pleaded guilty to EWOC for driving a car with his daughter in the backseat and jumping out of it without putting it in park.[2] The trial court accepted the plea and deferred sentencing for the completion of a presentence investigative report (PSI).

It would be over a year before Munn was finally sentenced while he unsuccessfully applied for treatment court and had medical procedures. At sentencing on October 4, 2022, Munn's counsel requested a sentence of county intermediate punishment even though Munn's guidelines called for state prison because he was a RFEL. Counsel also argued that Munn's crimes stemmed from his severe mental health issues, as Munn suffered from schizoaffective disorder, PTSD, bipolar disorder and intermittent explosive

_____

[1] 18 Pa.C.S. §§ 2706(a)(1), § 4304(a)(1).

[2] Munn also pleaded guilty to summary driving under suspension and was later sentenced to pay fines.

disorder. As for his client being a RFEL on the prior record score scale, counsel noted that Munn has basically been crime free since 2005 until these cases.

Additionally, Munn's fiancé read a letter of support from the couple's daughter that was in the car in the EWOC case, stating that Munn has improved once he began getting proper medication for his mental health issues. Munn's fiancé echoed this in her own testimony, telling the trial court that Munn has made progress since getting out of jail and getting treatment. Finally, Munn took responsibility for his actions but explained that he was not on his medication when he left the car while his daughter was in it.

After hearing from the Commonwealth, the trial court sentenced Munn within the standard range and ordered him to serve 24 to 48 months' imprisonment followed by one year on probation for EWOC, and a concurrent 12 to 24 months for terroristic threats. Munn did not file a post-sentence motion but timely filed separate notices of appeal in each case.[3] Both he and the trial court complied with Pa.R.A.P. 1925.

Munn raises the following issue on appeal:

The sentences handed down were manifestly excessive and clearly unreasonable, particularly in their length, when the trial court did not consider mitigating factors such as [Munn's] lack of convictions, took responsibility for his actions, and suffers from debilitating mental health conditions.

Munn's Brief at 2.

---

[3] We later consolidated Munn's appeals *sua sponte*.

- 3 -

Munn's issue presents a challenge to the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation and brackets omitted).

While Munn has timely appealed and includes a Rule 2119(f) statement in his brief, he failed to file a post-sentence motion for reconsideration or modification of sentence, thus depriving the trial court the opportunity to consider his claim. Accordingly, his claim is waived. *See Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975-76 (Pa. Super. 2019) (finding appellate failed to preserve challenge to discretionary aspects of sentence by failing to preserve issued in a post-sentence motion.)

However, even if we excused this failure and concluded that his claim raised a substantial question,[4] we would find that the trial court did not abuse its discretion in sentencing Munn in the low range of the sentencing guidelines.[5]  First, as noted, Munn was a RFEL on the prior record score scale. As a result, his guidelines were 24-30 months for EWOC and 12-18 months for terroristic threats.  Thus, the trial court's sentence of 24 to 48 months for EWOC was on the low-end of the standard range guidelines, not to mention it imposed a concurrent sentence for terroristic threats.

Second, it is well-settled that "[w]here[, as here,] the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's

_____

[4] "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa. Super. 2015) (citation omitted).

[5] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

**Commonwealth v. Bowen**, 55 A.3d 1254, 1263 (Pa. Super. 2012).

character and weighed those considerations along with mitigating statutory factors.' " *Moury*, 992 A.2d at 171.

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022) (citation omitted).

Here, after hearing Munn's presentation and considering the PSI, the trial court explained its reasoning for the standard range sentence that it imposed.

> THE COURT: All right. Well, the Court has considered the statements of defense counsel; the defendant; the attorney for the Commonwealth; as well as the people who gave statements on behalf of the defendant, and I'm referring to his fiancée. The Court has considered [d]efendant's age, background, criminal record, character, rehabilitative needs; nature, circumstance and seriousness of the offense; protection of the community; sentencing guideline; impact of the crime on the victim; and the [PSI].
>
> Now, obviously, sir, your criminal record is bad, but I do note that it's not been bad recently. However, the effect on the victims here were significant. And particularly the one who was threatened, her victim impact statement was saying that she was very, very much affected by this.

N.T., 10/4/22, at 16.

Thus, as this discussion shows, the trial court was aware of and considered the mitigating factors—including Munn's dated criminal record—

and weighed them against the seriousness of his offenses and the guidelines ranges. As a result, his claim that the trial court did not give enough consideration to his mitigating circumstances is belief by the record. Accordingly, we find that the trial court did not abuse its discretion in sentencing within the standard range guidelines.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023