J-A21042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS HAZINSKY | : | |
| | : | |
| Appellant | : | No. 2124 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 14, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002346-2020

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                     **FILED JANUARY 31, 2024**

Appellant, Francis Hazinsky, appeals *nunc pro tunc* from the aggregate judgment of sentence of 24 to 60 months' incarceration, followed by 48 months' probation, imposed after he pled guilty to one count each of possession of child pornography, 18 Pa.C.S. § 6312(d), and criminal use of a communication facility, 18 Pa.C.S. § 7512(a). On appeal, Appellant challenges the court's application of a sentencing guideline enhancement, as well as other, discretionary aspects of his sentence. After careful review, we affirm.

A detailed recitation of the facts of Appellant's case is unnecessary to our review of his sentencing claims. We need only note that a search warrant was served at Appellant's home and technology was seized, revealing "50 unique videos, equivalent to 2,500 images of child pornography." Trial Court Opinion (TCO), 2/2/23, at 2 (citation to the record omitted). The Commonwealth subsequently charged Appellant with 50 separate counts for

possession of child pornography, and 50 separate counts for criminal use of a communication facility.

On January 4, 2021, Appellant entered an open guilty plea to one count of possession of child pornography and one count of criminal use of a communication facility. The Commonwealth *nol prossed* the remaining 98 charges. Notably, at the plea proceeding, the Commonwealth and Appellant's trial counsel agreed that the Affidavit of Probable Cause set forth the factual basis for Appellant's plea. ***See*** N.T. Plea, 1/4/21, at 10. In the Affidavit of Probable Cause, the affiant explicitly stated that the search of Appellant's computer "revealed over 25 unique images and over 50 unique videos equivalent to over 2,500 images under state law, all depicting child pornography." Affidavit of Probable Cause, 7/29/20, at 3.

Appellant's case proceeded to sentencing on June 14, 2021. There, the Commonwealth

> submitted sentencing guidelines to the court that included an "Enhancement" element[,] which increased the standard range [for Appellant's possession of child pornography offense] from 12-24 months to 30-42 months. [Appellant's] counsel did not object to the enhanced guidelines. The court sentenced [Appellant], after considering those very guidelines along with the presentence information in support of [Appellant], to a mitigated range of 24-60 months[' incarceration,] and 48 months['] consecutive probation.

Appellant's Brief at 15.

Appellant did not file a timely post-sentence motion, or a direct appeal. Instead, on February 6, 2022, Appellant (via newly-retained counsel) filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

- 2 -

9546, seeking the reinstatement of Appellant's post-sentence motion rights. According to Appellant, "[a]fter discussions with [the Commonwealth], it was stipulated that [Appellant's] PCRA [petition] was of merit and that the court would permit the filing of a motion to modify/reconsider sentence…." *Id.* at 16. On April 27, 2022, the court entered an order stating that, "upon stipulation of the parties, [Appellant] is granted the right to file a Post[-]Sentence Motion to modify/reconsider the sentence within ten (10) days of the filing of this Order." Order, 4/27/22, at 1.

On May 5, 2022, Appellant filed a post-sentence motion to reconsider his sentence. Therein, Appellant raised, for the first time, that "there appears to be a discrepancy in the Sentencing Guidelines that were submitted to the court…." Post-Sentence Motion, 5/5/22, at 5 ¶ 4. Appellant explained: "As the guidelines form states, with an [offense gravity score] of '9' and a [prior record score] of '0[,'] the standard guidelines should have been 12-24 months, not the 30-42 [months] that are listed." *Id.* Appellant contended that because of this "discrepancy," the court "was inadvertently directed to a higher range of sentencing than it should have been." *Id.* Appellant also claimed the court failed to consider certain mitigating factors, such as Appellant's health issues and the fact that, as a result of his plea, Appellant "is now required to register with the [Pennsylvania] State Police … for fifteen (15) years upon his release from incarceration." *Id.* at ¶ 3(c). Accordingly, Appellant asked the court to reconsider and modify his sentence.

The Commonwealth filed a responsive brief. In regard to Appellant's challenge to the guideline enhancement, the Commonwealth explained:

The Commonwealth properly applied the sentencing enhancement to the Possession of Child Pornography charge in this case. Under, 42 Pa.C.S. § 9720.5(a), there is a sentence enhancement in accordance with the charge of Sexual Abuse of Children (18 Pa.C.S. § 6312) when aggravating circumstances include variations such as "the age of the child or a determination of prepubescence, the number of images possessed by the defendant, if the child depicted is known to the defendant and the nature and character of the abuse depicted in the images." According to 204 Pa. Code § 303.10(e)(1), when an offender has violated 18 Pa.C.S. § 6312 and possessed more than 500 images, 18 months can be added to the lower and upper limit of the standard range for the sentence recommendation.

In this case, [Appellant] pled guilty to one count of Possession of Child Pornography and one count of Criminal Use of Communication Facility. As part of his plea, [Appellant] also stipulated to the affidavit of probable cause[,] which states [Appellant] possessed over 2,500 unique images of child pornography, well over the 500 image quota for an 18[-]month enhancement.

The case is distinguishable from **Commonwealth v. Christman**, 225 A.3d 1104 (Pa. Super. 2019), which holds that the number of images for separate charges cannot be totaled to meet the criteria for a higher sentence enhancement, because in that instance, no such combination took place. Unlike in **Christman**, in which "there was no single violation for which defendant possessed more than 50 images[,"] the single Child Pornography charge in this case includes all of the discovered photos and videos. **Id.** at 1109. The Court had also noted that the Commonwealth could have solved the combination issue by reducing the number of charges and increasing the number of videos per charge--the exact action that took place in this case. **Id.** at 1110. Thus, the application of the 18[-]month enhancement for the stipulated 2,500 unique images was proper in this case.

Commonwealth's Response to Use of Guideline Enhancements, 7/11/22, at 3.

Additionally, the Commonwealth observed that the sentencing court was

aware of the mitigating circumstances of Appellant's medical condition and his registration requirement at the time it fashioned his sentence. *Id.* at 3-4. Accordingly, the Commonwealth requested the court deny Appellant's post-sentence motion.

On July 21, 2022, the court issued an order denying Appellant's post-sentence motion. He filed a *nunc pro tunc* notice of appeal on August 12, 2022, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a responsive Rule 1925(a) opinion on February 2, 2023. Herein, Appellant states two issues for our review:

> 1. Did the trial court commit error and abuse its discretion when it applied the sentencing enhancement of 204 Pa. Code 303.9(a)(3)[1] to the charge of possession of child pornography

---

[1] That provision states, in pertinent part:

> (a) (1) *Basic sentence recommendations*. Guideline sentence recommendations are based on the Offense Gravity Score and Prior Record Score. In most cases, the sentence recommendations are found in the Basic Sentencing Matrix (§ 303.16(a)). The Basic Sentencing Matrix specifies a range of sentences (i.e.--standard range) that shall be considered by the court for each combination of Offense Gravity Score (OGS) and Prior Record Score (PRS).

> &#42;&#42;&#42;

> (3) *Enhancement sentence recommendations.* Guideline sentence recommendations may include sentence enhancements, which provide increases to the basic sentence recommendations when an enhancement factor identified by the Commission is present. Enhancement sentence recommendations are described in § 303.10. The application of an enhancement is determined by the

*(Footnote Continued Next Page)*

when it aggregated all 2500 images to the one (1) count to which [Appellant] pled guilty?

2. Did the trial court abuse its discretion and/or commit error when it failed to apply those same mitigating factors to [Appellant's] motion to reconsider sentence that it had found in its original sentencing of [A]ppellant after being informed it had incorrectly used an enhancement guideline?

Appellant's Brief at 10.

Appellant's issues implicate the discretionary aspects of his sentence. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019) (considering Christman's challenges to the court's application of the sentencing guideline enhancement of 204 Pa. Code § 303.9(l)(1) as implicating the discretionary aspects of his sentence); *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) ("A claim [that] the trial court failed to consider mitigating circumstances is a challenge to the discretionary aspects of sentence.") (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the]

court at sentencing, based on a preponderance of the evidence that the enhancement factor is present. Sentence enhancements can either be mandated by statute or directly adopted by the Commission.

204 Pa. Code § 303.9(a)(3).

appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has met the first two requirements for obtaining review of his discretionary-aspects-of-sentencing claims. He has also included a Rule 2119(f) statement in his appellate brief, wherein he argues, in totality:

The trial court improperly applied a sentencing guideline enhancement under 204 Pa. Code [§] 303.9(I)(1) to the charge of possessing child pornography when it aggregated all of the 2,500 images pertaining to the original 50 counts (50 videos) charged to the one (1) count that [Appellant] pled guilty to in direct contradiction to the case of … *Christman*, … committing error and abusing its discretion [and] raising a substantial question for appellate review.

Appellant's Brief at 7. Appellant's argument that the trial court improperly applied a sentencing guideline enhancement presents a substantial question

for our review. *See Christman*, 225 A.2d at 1107 (concluding that Christman's claim that the court improperly applied a sentencing guideline enhancement presents a substantial question for our review). Thus, in terms of Appellant's first issue on appeal, he has met the requirements for us to review the merits of his discretionary aspects of sentencing claim.[2]

In doing so, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, Appellant contends that the court erred by applying an 18-month sentencing guideline enhancement under 204 Pa. Code § 303.9. *See* Appellant's Brief at 12. At the outset, we observe that the legislature removed the at-issue sentencing enhancements from section 303.9(l)(1), and set them forth in section 303.10(e), effective January 1, 2021. Thus, at the time of Appellant's sentencing in June of 2021, the guideline enhancements applicable to an offense of possession of child pornography, based on the number of images possessed, were set forth in 204 Pa. Code § 310(e), as follows:

---

[2] Clearly, Appellant fails to mention his second issue in his Rule 2119(f) statement. We address Appellant's omission in this regard, *infra*.

(e) *Sexual Abuse of Children Enhancement, as required by 42 Pa.C.S. § 9720.5.*

(1) When the court determines that the offender violated 18 Pa.C.S. § 6312 (relating to sexual abuse of children) and that the offender possessed more than 50 images, the court shall consider the sentence recommendations described in subsection (e)(4). For purposes of this enhancement, the number of images is defined as follows:

(i) Each photograph, picture, computer generated image, or any similar visual depiction shall be considered to be one image.

(ii) Each video, video-clip, movie, or similar visual depiction shall be considered to have 50 images.

***

(4) The enhancement related to the number of images possessed by the offender or the nature and character of the abuse depicted provides the following:

(i) When applying enhancement based on the number of images possessed by the offender, if the offender possessed more than 50 images to 200 images, 6 months are added to the lower limit of the standard range and 6 months are added to the upper limit of the standard range; if the offender possessed more than 200 images to 500 images, 12 months are added to the lower limit of the standard range and 12 months are added to the upper limit of the standard range; if the offender possessed more than 500 images, 18 months are added to the lower limit of the standard range and 18 months are added to the upper limit of the standard range;

204 Pa. Code § 303.10(e).

In this case, the trial court applied an 18-month enhancement based on its finding that Appellant possessed more than 500 images of child pornography. In challenging that decision, Appellant explains that he was initially charged with 50 counts of possessing child pornography, with each

count purportedly premised on his possession of one video. Therefore, under section 303.10(e)(1)(ii), each count of possession of child pornography with which Appellant was originally charged would equal 50 images of child pornography. Appellant contends that when he decided to plead guilty to **one** count of possession of child pornography, "[i]t was [his] understanding that his plea to [that] one (1) count was for one (1) video[,]" or 50 total images. Appellant's Brief at 15. He stresses that in ***Christman***, this Court "found that since 'there was no single violation for which [Christman] possessed more than 50 images, … the sentencing enhancement set forth in section 303.9(l)(1)[, *i.e.*, the prior version of section 303.10(e)(4)(i),] does not apply.'" ***Id.*** at 18 (quoting ***Christman***, 225 A.3d at 1109). Accordingly, Appellant insists that under ***Christman***, his single count of possession of child pornography equated to 50 images and could not trigger the 18-month sentencing enhancement under section 303.10(e)(4)(i).

We disagree. Initially, we discuss our decision in ***Christman***. There, Christman pled guilty to 11 counts of possession of child pornography based on his possession of 11 videos. ***Christman***, 225 A.3d at 1106. At sentencing, the trial court applied the 18-month sentencing enhancement by "considering the **total** number of images [Christman] possessed at all 11 counts (*i.e.*, 550 images)[,]" although "each of the 11 videos possessed by [Christman] … constitute[d] 50 images pursuant to section 303.10(e)(ii)." ***Id.*** at 1108 (emphasis in original). In challenging the court's application of that guideline enhancement on appeal, Christman argued that, "since the Commonwealth

charged him separately for each video, the court was required to consider only the number of images pertaining to each count (*i.e.*, 50 images)." *Id.* at 1108-09.

We agreed with Christman, pointing to "the explicit language of section 303.10(e)(3), which states: 'Sexual Abuse of Children Enhancement shall apply to **each violation which meets the criteria above**.'" *Id.* at 1109 (quoting 204 Pa. Code § 303.10(e)(3)) (emphasis added in *Christman*). We concluded that, "[p]ursuant to this provision, it is clear that the court must examine each conviction to determine if it meets the requirement that the offender possessed more than 50 images before the guideline enhancement may be applied." *Id.* Because "at each of [Christman's] 11 counts, he was convicted of possessing one video, or 50 images[,]" we conclude that "there was no single violation for which he possessed **more than** 50 images," and the sentencing enhancement should not have been applied. *Id.* (emphasis in original). Notably, in closing, we observed that "the Commonwealth has discretion in how it charges criminal offenders[,]" and in Christman's case, it "could have reduced the number of charges, and increased the number of videos underlying each charge, thus triggering application of the sentencing guideline enhancement." *Id.* at 1110.

In this case, Appellant acknowledges that his trial/sentencing counsel negotiated his plea agreement "to reduce all 50 counts … to one (1) count" of possession of child pornography. Appellant's Brief at 14. Although Appellant claims that "[i]t was [his] understanding that his plea to one (1) count was

for one (1) video[,]" *id.* at 15, he recognizes that the Commonwealth did not specify, in the charging documents, any "video image totals" pertaining to each count. *Id.* at 19. Appellant also admits that, at the plea hearing, his attorney agreed that the factual basis for Appellant's single count of possession of child pornography was the Affidavit of Probable Cause, which states that Appellant possessed 2,500 total images of child pornography. *Id.* at 14.

Given this record, we agree with the trial court that Appellant's reliance on ***Christman*** is unavailing, and his challenge to the application of the guideline enhancement is meritless. The court explained:

> The present case is distinguishable from ***Christman*** because here, the single charge pled to by [Appellant] encompasses all the discovered photos and videos. In ***Christman***, the defendant was charged with numerous charges but none of the individual charges were for possession of more than 50 images. [***Christman***, 225 A.2d at 1109]. The [C]ourt in ***Christman*** indicated that the prosecution could have avoided this problem by reducing the number of charges and adding more videos to each charge. *Id.* at 1110. Sentencing enhancements can become available by reducing the number of charges and increasing the number of photos or videos per charge. *Id.*
>
> Here, the prosecution followed the action described in the ***Christman*** case and consolidated the charges and increased the number of images per charge. [Appellant] pled guilty to one count of [p]ossession of [c]hild [p]ornography and one count of [c]riminal [u]se of a [c]ommunication [f]acility. [Appellant] stipulated that he possessed over 2,500 images of child pornography. The number of images stipulated to exceeds the threshold requirement for [the] sentencing enhancement. Thus, the application of the 18-month enhancement was proper.

TCO at 4. We agree that the trial court acted in accordance with **Christman** in the present case.[3] Accordingly, Appellant's first issue is meritless.

Next, Appellant avers that the trial court failed to properly apply mitigating factors in fashioning his sentence. However, his entire argument is premised on the false conclusion that "the trial court incorrectly applied an enhanced guideline[,] which is contrary to law." Appellant's Brief at 23. More

_____

[3] To the extent that Appellant contends he did not understand the implications of his pleading guilty to this single count of possession of child pornography premised on the facts set forth in the Affidavit of Probable Cause, his issue is ultimately an ineffective-assistance-of-counsel claim that cannot be litigated on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (reaffirming the prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA). Although Appellant recognizes that the thrust of his argument sounds in ineffective assistance of counsel, **see** Appellant's Brief at 20, he claims that the PCRA court effectively ruled that his plea/sentencing counsel acted ineffectively in failing to properly advise Appellant about the sentencing enhancement. **See** Appellant's Brief at 20. The record does not support this claim. In Appellant's PCRA petition, he alleged that his trial/sentencing counsel was ineffective because he "[f]ailed to file any post[-]sentence motions to challenge the validity of his plea and/or the aspects of his sentence including reconsideration; … [f]ailed to file an appeal; … [a]llowed without objection written testimonials from [the] Commonwealth at sentencing; … [and f]ailed to properly advise [Appellant] of his potential plea consequences and thus [Appellant's] plea was not knowing and voluntary." PCRA Petition, 2/16/22, at unnumbered 2 ¶¶ 7. Clearly, Appellant did not allege any ineffectiveness claim explicitly pertaining to the application of the sentencing guideline enhancement; instead, he only asserted this issue for the first time in his post-sentence motion. Thus, the PCRA court's entering the order reinstating Appellant's post-sentence motion rights, without any explanation for its decision to do so, cannot be interpreted as a substantive finding that Appellant's counsel acted ineffectively in regard to the sentencing guideline enhancement, especially where Appellant concedes that the Commonwealth stipulated to the reinstatement of his post-sentence motion rights. **See** Appellant's Brief at 9.

specifically, Appellant rather confusingly argues that because the court ultimately imposed a mitigated-range sentence under the enhanced-guideline range, he is entitled to a mitigated-range sentence under the non-enhanced, standard-guideline range because the sentencing enhancement should not have been applied at all.

Initially, we note that Appellant did not set forth this claim in his Rule 2119(f) statement and, therefore, he has failed to establish that a substantial question exists to warrant this Court's review. Nevertheless, even if Appellant had demonstrated a substantial question for our review, we would deem his argument meritless. For the reasons set forth *supra*, the guideline enhancement was properly applied. The trial court clearly considered mitigating circumstances in fashioning Appellant's sentence under those enhanced guidelines. Namely, the court took into account "letters about [Appellant's] character from family and friends and information about [his] medical diagnosis through letters and testimony from [Appellant's] father." TCO at 5. Additionally, "[t]he court was aware that [Appellant] was required … to register as a sex offender with the State Police as part of the terms of the guilty plea." *Id.* Based on these circumstances, the court imposed a mitigated-range term of incarceration under the enhanced sentencing guidelines. Therefore, even had Appellant properly raised this issue in his Rule 2119(f) statement, we would conclude that no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/31/2024