J-S06041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH MICHAEL TETKOSKI :
:
Appellant : No. 2047 EDA 2023

Appeal from the Judgment of Sentence Entered June 22, 2023
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000167-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED AUGUST 12, 2024**

Joseph Michael Tetkoski ("Tetkoski") appeals from the judgment of sentence imposed after he pleaded guilty to terroristic threats and simple assault.[1] Tetkoski's counsel has filed a petition to withdraw and an **Anders** brief.[2] We affirm and grant Tetkoski's counsel's petition to withdraw.

We adopt the following summary of the facts of this appeal, as was stated at the time of Tetkoski's guilty plea:

> . . . Trooper Conway was called out to Schnakenberg Road in Damascus Township, Wayne County, where Crisann Striffler [("Striffler")] related that she and [her husband, Tetkoski,] had been in an argument. [Tetkoski] blocked her ability to walk up the steps, she tried to get past[,] and they both fell down the steps. She got in the car and left[,] and the [Tetkoski] called her stating he would burn down the house. When the troopers arrived, they found [Tetkoski;] he had a severe laceration on his

---

[1] **See** 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3).

[2] **See Anders v. California**, 386 U.S. 738 (1967).

wrist, he was holding a BB gun, and he had written on the wall, ["]the only reason I let you live is the kids, fuck you you little bitch.["]

N.T., 5/4/23, at 4.

Following negotiations with the Commonwealth, Tetkoski signed a written plea colloquy, completed an oral colloquy with the trial court, and entered open guilty pleas to terroristic threats and simple assault. *See id*. at 5-7.[3] The trial court accepted the plea and ordered a presentence investigation report ("PSI"). *See id*. at 7.

The trial court, on June 22, 2023, convened a sentencing hearing at which it heard a statement from Striffler, who detailed the effects Tetkoski's actions had on her and the family, and she asked for a maximum sentence. *See* N.T., 6/22/23, at 5-6. Tetkoski stated he was ready to accept responsibility for his crimes and noted he was "getting old" and "was ill." *Id*. at 8. The trial court stated:

> THE COURT : Mr. Tetkoski, I've reviewed the [PSI] prepared for me by the Probation Department. It says in here that you' re fifty-nine, is that accurate?
>
> . . . TETKOSKI: Yes, ma'am.
>
> THE COURT: The [c]ourt's reading of the [PSI] and history, not only your criminal record but also this crime, leads me to believe that there is an alcohol addiction issue[,] whether you are ready or willing to accept that[,] I'm unsure[,] but I don't think fifty-nine is that old[,] but I think your alcohol use over the years has probably increased your feelings of being old. You have seven prior convictions, at least two of them directly involving alcohol,

---

[3] As part of the plea negotiations, the Commonwealth agree to withdraw, charges of harassment and criminal attempts to risk or cause catastrophe and to commit arson. There was no agreement as to the sentence.

which is DUI, the rest [are] larceny, forgery, burglary tools, harassment[.] I don't know if they involved alcohol or not but this current crime certainly did involve alcohol because I believe in your own statement alcohol was a part of it before you had this encounter with your wife. The addiction issue that you face has seriously impacted your life. I appreciate someone taking responsibility here, however, I'm concerned it's not genuine when I hear from the victim and I read the [PSI] and the Probation Officer's input. I did read that you are disabled.

. . . TETKOSKI: Correct.

THE COURT: That you are a veteran with a somewhat strained relationship with one of your sons. It's very difficult for the [c]ourt when I hear from a victim asking for the maximum because, as I say over and over every week, Pennsylvania law provides me with guidelines, things that I'm required to do, taking into account you, Mr. Tetkoski, your history, and the very serious nature of this crime. I also read the [v]ictim [i]mpact [s]tatement that was attached, I hope you got a chance to read it, that describes the ongoing effect this crime has had, that's not going to go away no matter what I do. However, [from] what I perceived a bit as victim blaming in your statements to the Probation Officer and the comments from the victim it seems to me like I don't know what will effectively change your mindset in this case. But it's not my job to change a mindset, it's my job to impose a sentence. . . .

*Id*. at 7-8. The court thereafter sentenced Tetkoski to an aggregate term of

six to twenty-three-and-one-half months of imprisonment.[4]

_____

[4] Specifically, the trial court sentenced Tetkoski to standard range sentences of six to twelve months of imprisonment for terroristic threats and a consecutive three to eleven-and-one-half months of imprisonment for simple assault. We note that Tetkoski pleaded guilty to terroristic threats graded as a first-degree misdemeanor and simple assault graded as a second-degree misdemeanor. The individual sentences and the aggregate sentence, therefore, fell within the statutory maximum terms of imprisonment for the offenses. *See* 18 Pa.C.S.A. § 1104(1), (2) (prescribing maximum sentences of five and two years of imprisonment for first- and second-degree misdemeanors, respectively).

Tetkoski timely filed a post-sentence motion for reconsideration of the sentence. Therein, Tetkoski requested a release from prison or a sentence of time served due to his disabilities caused by his medical conditions, which included chronic and degenerative arthritis, vitiligo (a skin condition), "emphysema/COPD[,]" and a compromised immune system exacerbated by his medications. Post-Sentence Motion, 7/3/23, at 1-2.[5] The trial court denied the post-sentence motion. Tetkoski's counsel timely appealed and filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file an **Anders** brief in this appeal. The trial court did not file a Rule 1925(a) opinion. As noted above, Tetkoski's counsel has filed in this Court a petition to withdraw and an accompanying **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

---

[5] The tenth day after sentencing fell on July 2, 2023, a Sunday. Therefore, Tetkoski's post-sentence motion, filed on July 3, 2023, was timely. **See** 1 Pa.C.S.A. § 1908.

- 4 -

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In *Santiago*, our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied these technical requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Tetkoski's counsel avers in his petition to withdraw that he has reviewed the record and determined that an appeal would be frivolous. *See* Petition to Withdraw, 11/13/23, unnumbered at 1. Counsel has further stated that he served Tetkoski a copy of his petition to withdraw along with his *Anders* brief. *See id*. Counsel attached a copy of his letter advising Tetkoski of his right to proceed in this appeal with private counsel or *pro se*. *See id*., Exhibit A. Counsel's brief includes a summary of the procedural history of the

case, identifies the issue that could arguably support Tetkoski's appeal, and explains his reasons for concluding the appeal is frivolous. Under the circumstances of this case, we conclude counsel has minimally complied with the technical requirements of **Anders**, and we proceed to conduct an independent review to determine whether this appeal is wholly frivolous.[6]

Tetkoski's counsel identifies the following issue in his **Anders** brief:

> Did the trial court err in imposing an aggregate sentence of [nine months to twenty-three-and-one-half] months, given the medical condition of [Tetkoski] in this matter?

**Anders** Brief at 5.[7]

"Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects . . .." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468 (Pa. Super. 2017) (internal citation omitted). Thus, a guilty plea limits the issues

_____

[6] We note, with disapproval, that Tetkoski's counsel did not summarize the factual history of this case, nor did he provide a complete summary of the relevant law in support of his assertion that this appeal is frivolous. **See Anders** Brief at 6-7. Additionally, counsel's brief vaguely refers only to Tetkoski's "medical conditions" with a citation to the post-sentence motion for reconsideration of the sentence. **See id**. at 11. Counsel also refers to the PSI; however, he has not ensured the record includes a copy of the PSI. **See id**. Such omissions could constitute ground to deny counsel's petition to withdraw, strike his brief, and require him to file an amended brief **Anders** brief along with a complete record for review. However, given the relatively short and straightforward nature of this case, as well as the narrow scope of the issues preserved for review, we decline to find these defects fatal to counsel's request to withdraw in this case.

[7] Tetkoski has not responded to his counsel's petition to withdraw and has not filed a brief *pro se* or with new counsel.

an appellant may raise on appeal to those sounding in the jurisdiction of the court, the validity of the plea, and certain sentencing claims. ***See Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018) ("Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed") (internal citation and quotation marks omitted); ***see also Commonwealth v. Goodco Mechanical, Inc.***, 291 A.3d 378, 401 (Pa. Super. 2023) (noting that a defendant may challenge the discretionary aspects of a sentence when the defendant enters an open guilty plea).

As a prefatory matter, we note that the trial court had jurisdiction to accept Tetkoski's plea and impose sentence. ***Cf. Goodco***, 291 A.3d at 397 ("all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code") (internal citation omitted). Moreover, Tetkoski waived a challenge to the validity of his guilty plea because he did not object during the plea hearing, at sentencing, or in his post-sentence motion. ***See Monjaras-Amaya***, 163 A.3d at 468. Therefore, the only issues preserved for appeal relate to his sentence. ***Cf***. ***Goodco***, 291 A.3d at 401; ***Jabbie***, 200 A.3d at 505.

Tetkoski's counsel asserts that Tetkoski wants to challenge the discretionary aspects of his sentence. ***See Anders*** Brief at 9. Counsel asserts that Tetkoski's intended challenge fails to raise a substantial question or a claim of arguable merit. ***See id***. at 9, 11-12.

It is well settled that,

an appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A] § 9781(b).

***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1075 (Pa. Super. 2019) (some citations omitted).

Here, Tetkoski filed a timely post-sentence motion requesting his release from prison or a time-served sentence due to his medical conditions, and he timely appealed. ***See*** Post-Sentence Motion, 7/3/23, at 1-2; Notice of Appeal, 8/1/23. Tetkoski's counsel has included in his brief a Rule 2119(f) statement preserving this claim for review. Because Tetkoski has met the technical requirements for seeking a review of his sentence, we consider whether Tetkoski's intended challenge raises a substantial question for review.

A substantial question requires a demonstration that the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. ***See Commonwealth v. Sexton***, 222 A.3d 405, 420 (Pa. Super. 2019). When determining whether a substantial question exists, this Court

focuses on the reasons for which the appeal is sought, not the facts underlying the appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). A claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021) (internal citation and quotation marks omitted). This Court will not grant a review of a sentence based on a bare assertion that the trial court did not adequately consider a defendant's poor health and advanced age at sentencing. *See id*. With respect to the imposition of consecutive sentences, this Court may consider whether the aggregate sentence appears excessive given the criminal conduct at issue in the case. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598-99 (Pa. Super. 2010). Furthermore, a claim of excessiveness, in conjunction with a claim that the trial court failed to consider mitigating factors, may raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015).

In the present case, Tetkoski's post-sentence motion requested an immediate release from prison due to his medical conditions. *See* Post-Sentence Motion, 7/3/23, at 1-2. Notably, Tetkoski did not allege that the trial court failed to consider his medical conditions, nor did he assert the consecutive standard range sentences were excessive. *See id*. Our own review reveals that the aggregate sentence of six to twenty-three-and-one-half months of imprisonment does not appear to be excessive in light of his criminal conduct at issue in this appeal. Tetkoski's intended claim, therefore,

simply assails the adequacy of the trial court's consideration of his medical conditions as mitigating factors.  This does not raise a substantial question, and we need not address the underlying merits of Tetkoski's intended claim.  *See Crawford*, 257 A.3d at 79; *Commonwealth v. Ladamus*, 896 A.2d 592, 596 (Pa. Super. 2006)

For these reasons, our independent review compels us to agree with Tetkoski's counsel that this intended challenge to the discretionary aspects of his sentence does not raise a substantial question.  Furthermore, our independent review reveals no other non-frivolous issues in this appeal.  *See Yorgey*, 188 A.3d at 1197.  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2024